IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Timothy Moore, | ) | Civil Action No. 4:09-cv-2046-RMG-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Denise Drew, Warden, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed this *pro se* action alleging Constitutional violations against Defendants and seeking damages resulting from same. As a result, the case was automatically referred to a United States Magistrate Judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), D.S.C. The Magistrate recommended granting Defendants' motion to dismiss or in the alternative motion for summary judgment. (Dkt. No. 57). Defendants objected to the R&R. Plaintiff failed to object to the R&R. As shown herein, this Court has reviewed the Record *de novo* and agrees with the Magistrate's report and adopts it as the order of this Court.

### Background

Plaintiff alleges that he was subjected to cruel and unusual punishment and is entitled to damages under *Bivens* arising out of Defendants' forcing him to give a urine sample while standing. He also alleges a claim under the Federal Tort Claims Act. Plaintiff claims to have a medical condition that prohibits him from urinating without also defecating. (Amend. Compl. at para. 9). When he was subjected to the urine test

1

while standing, Plaintiff defecated. (Amend. Compl. at para. 15). Plaintiff alleges Defendants then laughed at him and called him "shitty nigger." (Amend. Compl. at para. 16).

## Discussion

The Court has reviewed the Record *de novo* and considered Plaintiff's objections. Each cause of action in the Complaint is addressed below.

Plaintiff brings his first cause of action under *Bivens*. *Bivens* claims are not actionable against the United Sates, federal agencies, or public officials acting in their official capacities. *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Suits against federal officials may not be brought under § 1983. *District of Columbia v. Carter*, 409 U.S. 418, 424-25, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973). Plaintiff's *Bivens* action cannot lie against the United States nor against the individual defendants in their official capacities. *See United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) (the United States cannot be sued without its express consent.); *Radin v. United States*, 699 F.2d 681, 685 (4th Cir.1983). Accordingly, Plaintiff's *Bivens* claims against Defendants in their official capacities and against the United States should be dismissed pursuant to Rule 12(b)(1), Fed.R.Civ.P.

Further, in his Amended Complaint, Plaintiff fails to allege any specific factual allegations against Defendant Drew. He simply identifies her as the Warden of FCI Bennettsville. Amended Complaint ¶ 3. Thus, Plaintiff has failed to allege that Defendant Drew, through her own independent actions, violated Plaintiff's constitutional rights. Accordingly, dismissal of the claims against Defendant Drew is proper.

2

Defendants next assert that they are entitled to qualified immunity in their individual capacities. The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), established the standard which the court is to follow in determining whether the defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818. In addressing qualified immunity, the United States Supreme Court has previously held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999). Qualified immunity is a privilege that provides "an immunity from suit rather than a mere defense to liability." *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001). Defendants argue for the *Saucier* approach in determining whether Plaintiff has sufficiently alleged that a constitutional violation has occurred and, if so, whether the constitutional right was clearly established at the time of the alleged violation. As stated above, Plaintiff alleges that he was subjected to cruel and unusual punishment when he was forced to stand while urinating which caused him to defecate on himself because he was not allowed to sit down on the toilet to give a urine sample. He further alleges that he was subjected to cruel and unusual punishment when the officers laughed at him and called him a "shitty nigger."

The Eighth Amendment prohibits punishments which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "[A] prisoner must prove two elements-that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" *Shakka v. Smith*, 71 F.3d at 166 (quoting *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.1993)). At this stage in the litigation, the court is to determine only whether Plaintiff has sufficiently alleged a claim for cruel and unusual punishment. At the outset, it is well-established that verbal abuse by prison officials does not rise to the level of a constitutional violation. *See, e.g., Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (verbal abuse by a prison guard does not give rise to a cause of action under § 1983); *Morrison v. Martin*, 755 F.Supp. 683, 687 (E.D.N.C.), *aff'd* 917 F.2d 1302 (4th Cir. 1990) (subjection of a prisoner to verbal abuse or profanity does not rise to the level of a constitutional violation); *Cuoco v. Moritsugu*, 222 F.3d 99, 109 (2d Cir. 2000) ("Rudeness and name-calling does not rise to the level of a constitutional violation."). Thus, assuming Plaintiff's allegations that he was ridiculed and called a "shitty nigger" are true, such conduct is disturbing but insufficient to state a claim for cruel and unusual punishment.

Whether Plaintiff has sufficiently alleged a constitutional violation with respect to his claim of cruel and unusual punishment for not being allowed to sit down while giving a urine sample is not as clear. In light of the lack of legal authority on the issue raised, this Court cannot conclude that the right was clearly established at the time of the alleged violation. In determining whether the right allegedly violated was clearly established, the court defines the right "'in light of the specific context of the case, not as a broad general

proposition.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 301-02 (4th Cir.2004) (quoting *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). "If the right was not clearly established in the specific context of the case-that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted-then the law affords immunity from suit." *Id.* (citations and internal quotation marks omitted). Further, "Fourth Circuit precedent is one source for determining whether the law was clearly established at the time of the alleged violation." *Vathekan v. Prince George's Cnty.*, 154 F.3d 173, 179 (4th Cir.1998).

Here, Plaintiff was unable to provide a urine specimen without urinating and defecating at the same time due to a medical problem and sought permission from officers to urinate while sitting on the toilet. Plaintiff's request was denied and he was told by Officers D. Grimes, J. Bryant, T. Pehlps, and Lt. Miller that he would have to stand while urinating pursuant to a program statement concerning urine collection for a drug test. Thus, according to the allegations in the Amended Complaint, the officers believed they were following policy by requiring Plaintiff to remain standing while providing a urine sample.

A right is "clearly established" if a reasonable officer would have known, under the circumstances of the case at hand, that his actions and behavior violated that right. *Wilson v. Kittoe*, 337 F.3d 392, 402-03 (4th Cir. 2003) ("In determining whether a right was clearly established at the time of the claimed violation, courts in this circuit ordinarily need not look beyond the decisions of the Supreme Court, this court of appeals, and the highest court of the state in which the case arose"). To be clearly established, the right must have been defined "with a high level of particularity." With the allegations

5

presented here, this Court cannot conclude that a reasonable officer would have known that his actions and behavior violated that right. Specifically, given the lack of legal guidance on this issue, a reasonable officer could not have known that requiring Plaintiff to give a urine sample while standing up, despite Plaintiff's requests, violated Plaintiff's right to be free from cruel and unusual punishment. Neither the Supreme Court, the Fourth Circuit, nor this Court have so held. For this reason and because Plaintiff's rights were not violated through Defendants' alleged verbal ridicule and harassment, Defendants are entitled to qualified immunity on Plaintiff's eighth amendment claim.

Plaintiff also asserts a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et. seq.* He alleges that Defendants were negligent in their performance of their duty to collect a urine specimen for a drug test because they failed to take into consideration Plaintiff's assertion that, due to a medical problem, he could not urinate without also defecating. Amended Complaint ¶ 12. Defendants assert that the court lacks subject matter jurisdiction over the FTCA claim pursuant to the discretionary function exception. First, personal capacity suits against employees are not cognizable under the FTCA. 28 U.S.C. § 2679(b)(1). The United States is the only proper defendant under the FTCA. 28 U.S.C. 1346(b)(1). Therefore, to the extent Plaintiff asserts his claim under the FTCA against Defendants Drew, Miller, Grimes, Bryant and Phelps, those claims should be dismissed. Second, the FTCA provides a limited waiver of the Government's sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for personal injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the

claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). This waiver of immunity, however, is subject to exceptions. *See* 28 U.S.C. § 2680 (providing exceptions to the provisions of the Tort Claims Procedure statutes and to § 1346(b)'s waiver of sovereign immunity). The most important of these is the "discretionary function exception." *See McMellon v. United States*, 387 F.3d 329, 335 (4th Cir.2004) (*en banc*) (describing § 2680(a)'s exception as "the most important"). The discretionary function exception preserves sovereign immunity even if the Government was negligent, *see Blakey v. U.S.S. Iowa*, 991 F.2d 148, 152 (4th Cir.1993), and even if the government employee abused his or her discretion. 28 U.S.C. § 2680(a).

In *United States v. Gaubert*, 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991), the Supreme Court articulated a two-part test for determining whether the discretionary function exception applies. To begin, the "exception covers only acts that are discretionary in nature, acts that 'involv[e] an element of judgment or choice.'" *Gaubert*, 499 U.S. at 322, 111 S.Ct. 1267 (quoting *Berkovitz v. United States*, 486 U.S. 531, 536, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988)). If the action is not a matter of choice for the acting employee, the discretionary function exception will not apply. *Berkovitz*, 486 U.S. at 536, 108 S.Ct. 1954. The exception is not applicable "when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Id.* Then if the conduct does involve discretionary judgment, the court must then decide "'whether that judgment is of the kind that the discretionary function exception was designed to shield.'" *Gaubert*, 499 U.S. at 322-23, 111 S.Ct. 1267 (quoting *Berkovitz*, 486 U.S. at 536, 108 S.Ct. 1954). "Because the purpose of the exception is to prevent judicial second-guessing of legislative and administrative decisions grounded in social,

economic, and political policy through the medium of an action in tort, when properly construed, the exception protects only governmental actions and decisions based on considerations of public policy." *Gaubert*, 499 U.S. at 323, 111 S.Ct. 1267 (internal citations and quotation marks omitted).

In order to consider the merits of the issues raised by the Government on this point regarding the FTCA claim, this Court cannot properly address the arguments without considering these exhibits. Thus, Plaintiff should be allowed to conduct discovery on the jurisdictional issues raised before the court addresses those issues.

### Conclusion

Based on the above, this Court grants Defendants' motion to dismiss or in the alternative for summary judgment in part and all of Plaintiff's claims are dismissed save his Federal Tort Claims Act cause of action against the United States. With respect to this claim, the Government's motion is denied without prejudice and leave to re-file after the completion of discovery on the claim. Plaintiff is allowed to conduct discovery and in this effort, Plaintiff has thirty (30) days from the date of this order to do so. The United States may refile its motion fifteen (15) days after the close of discovery. This Order renders the remaining pending motions moot. (Dkt. Nos. 50, 52, and 53).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 9, 2011
Charleston, South Carolina

8